JUDGE ANDERSON

MAGISTRATE JUDGE KEYS

PRO3 22
(Rev. 02/88)

**TRANSFER OF JURISDICTION**

CLERK, U.S. DISTRICT COURT

DOCKET #
U.S. DISTRICT COURT
WEST. DIST. OF WISCONSIN

DOCKET NUMBER (Tran. Court)
94-CR-19-C-01    MAY 19 2008

DOCKET NUMBER (Rec. Court)

FILED
THERESA M. OWENS, CLERK
CASE #

| NAME & ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Samuel Greer Jr. | Western Wisconsin | Madison |

RECEIVED
APR 24 2008
U.S. PROBATION OFFICE
CHICAGO, ILLINOIS

08CR 364

NAME OF SENTENCING JUDGE
Honorable Barbara B. Crabb

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | March 13, 2008 | March 12, 2013 |

OFFENSE

Possess With Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §841(a)(1); 2

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the NORTHERN DISTRICT OF ILLINOIS upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

April 2, 2008                              Barbara B. Crabb
Date                              United States District Judge

FILED

*This sentence may be deleted in the discretion of the transferring court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

JUN 09 2008
6-9-08
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after entry of this order.

MAY - 5 2008                              James F. Holderman
Effective Date                              United States District Judge

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK
BY
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE:    MAY 15 2008

RECEIVED
APR 07 2008



**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

MICHAEL W. DOBBINS                May 15, 2008                                            312-435-5698

2008 MAY 19  AM 10: 07

THERESA M. OWENS
CLERK US DIST COURT
WD OF W

F I L E D

JUN 0 9 2008  PH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

Western District of Wisconsin
Honorable Theresa M. Owens
Clerk/Magistrate
United States District Court
320 Robert W. Kastenmeier
United States Courthouse
120 North Henry Street
Madison, WI 53703-4304

Dear Clerk:

**Re:  94-CR-19-C-01      USA v. Samuel Greer, Jr.      Judge Barbara B. Crabb**

Our Case Number: 08 CR 364 - Northern District of Illinois

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address. Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by:  _____
Marsha E. Glenn
Deputy Clerk

Enclosure

# U.S. District Court
## Western District of Wisconsin (Madison)
## CRIMINAL DOCKET FOR CASE #: 3:94-cr-00019-bbc All Defendants
## Internal Use Only

Case title: USA v. GREER, JR., SAMUEL                    Date Filed: 03/09/1994

Assigned to: Chief Judge Barbara B Crabb

**Defendant**

**Greer, Jr., Samuel** (1)                    represented by    **James M. Shellow**
SHELLOW, SHELLOW & GLYNN,
S.C.222 EAST MASON STREET
MILWAUKEE, WI 53202-3668
(414) 271-8535
*TERMINATED: 02/25/2008*
*Designation: Retained*

**Michael Lieberman**
Federal Defender Services of Wisconsin,
Inc.
222 West Washington Ave.
Suite 300
Madison, WI 53703
608-260-9900
Fax: 608-260-9901
Email: michael_lieberman@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

A TRUE COPY, Certified
JUN 0 6 2008
Theresa M. Owens, Clerk
U.S. District Court
Western District of Wisconsin

By_____
Deputy Clerk

**Pending Counts**                              **Disposition**

POSSESSION, NARCOTICS                          Convicted/final plea of guilty.
(1-2)

UNLAWFUL ACTS, FIREARMS -                       Dismisssed, or government motion for
COUNT 3                                         acquittal granted, or any disposition other
(3)                                             than a conviction not covered by another
                                                code.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                           **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                    **Disposition**

None

---

**Plaintiff**

**USA**                          represented by  **Timothy Michael O'Shea**
United States Attorney's Office
660 West Washington Avenue, #303
Madison, WI 53703
608-250-5467
Fax: 608-264-5054
Email: tim.oshea@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/24/1994 | 1 | COMPLAINT AND AFFIDAVAIT (Entered: 02/24/1994) |
| 02/24/1994 | 2 | APPLICATION & ORDER FOR WHCAP (GREER, FOR 2/24/94);WRIT ISS. (Entered: 02/24/1994) |
| 02/24/1994 | 3 | CTR MIN: INIT. APP.; (Entered: 02/24/1994) |
| 02/24/1994 | 4 | ORDER OF DETENTION PENDING HEARING PURSUANT TO BAIL REFORM ACT. SLC cc mld. (Entered: 02/24/1994) |
| 02/25/1994 | 5 | RETURN OF WRIT FOR GREER'S PRESENCE 2/24/94. (Entered: 02/25/1994) |
| 02/25/1994 | 6 | ORDER OF DETENTION - 2ND ORDER OF DETENTION. (SLC) (Entered: 02/25/1994) |
| 02/28/1994 | 7 | MOTION (LETTER) OF DEFT GREER REQUESTING DETENTION HRG BE HELD ON 3/4/94. (Entered: 03/01/1994) |
| 03/01/1994 | 8 | ORDER OF DETENTION - 3RD ORDER OF TEMP. DETENTION. (SLC) (Entered: 03/01/1994) |
| 03/03/1994 | 9 | APPLICATION & ORDER FOR WHCAP. (SAMUEL GREER, FOR DETENTION HRG ON 3/4/94) WRIT ISS. (Entered: 03/03/1994) |
| 03/04/1994 | 10 | COURTROOM MINUTES DETENTION HRG. RESET TO 3/7/94 TO ALLOW CT APPT'D CNSL TIME TO PREPARE FOR HRG. (SLC) (15 MIN) (Entered: 03/04/1994) |

| | | |
|---|---|---|
| 03/04/1994 | | ORDER OF DETENTION - 4TH ORDER OF DETENTION PENDING HRG.(SLCCC MLD. (Entered: 03/04/1994) |
| 03/07/1994 | 12 | APPLICATION & ORDER FOR WHC FOR DEFT'S APPEAR AT DET HRG (SLC (Entered: 03/07/1994) |
| 03/07/1994 | | WRIT ISSD; DELV'D TO USM (Entered: 03/07/1994) |
| 03/07/1994 | 13 | CJA VOUCHER #0675441 APPT'G ATTY JOSEPH JACKSON AS COUNSEL. (3/4/94) (Entered: 03/07/1994) |
| 03/07/1994 | 14 | CTR MIN: PRELIM. EXAM; & DETENTION; TESTIMONY; COURT ORDERS DEFT DETAINED.(SLC)(4 HRS 35 MIN) (Entered: 03/07/1994) |
| 03/08/1994 | 15 | WRIT FOR DEFT'S APPEARANCE ON 3/4/94, W/MARSHAL'S RETURN. (Entered: 03/08/1994) |
| 03/08/1994 | 16 | WRIT FOR DEFT'S APPEARANCE ON 3/7/94, W/MARSHAL'S RETURN. (Entered: 03/08/1994) |
| 03/08/1994 | 17 | ORDER OF DETENTION (SLC) (Entered: 03/08/1994) |
| 03/09/1994 | | Jams Import Utility Entry (Entered: 03/09/1994) |
| 03/09/1994 | | Criminal Charges/Counts (Entered: 03/09/1994) |
| 03/09/1994 | 18 | CRIMINAL COVER SHEET (Entered: 03/09/1994) |
| 03/09/1994 | 19 | INDICTMENT (Entered: 03/09/1994) |
| 03/09/1994 | 20 | APPLICATION & ORDER FOR WHCAT FOR DEFT'S PRESENCE AT ARRGNMT ON 3/10/94 (Entered: 03/09/1994) |
| 03/09/1994 | | WRIT ISSD (Entered: 03/09/1994) |
| 03/10/1994 | 21 | CTR MIN: ARRG.; ON INDICTMENT; MAX PEN: CBP LIFE, FINE $16.5M23yr SR, $150 CA. (SLC) 25 min. (Entered: 03/10/1994) |
| 03/10/1994 | 22 | ORDER - SCHEDULING ORDER. (SLC) (Entered: 03/10/1994) |
| 03/16/1994 | 23 | WRIT W/MARSHAL'S UNEXEC. RETURN FOR 3/10/94 HRG. DEFT NOW INFEDERAL CUSTODY--WRIT NO LONGER NEEDED. (Entered: 03/16/1994) |
| 03/30/1994 | 24 | ORDER PERMITTING ATTY JACKSON TO WITHDRAW & ATTY SHELLOW IS SUBSTITUTED AS CNSL FOR DEFT GREER. (SLC) CPYS MLD. (Entered: 03/30/1994) |
| 04/01/1994 | 25 | TRANSCRIPT OF PREL. EXAM. & DET. HEARING ON 3/7/94. (Entered: 04/01/1994) |
| 04/01/1994 | 26 | TRANSCRIPT OF ARRAIGNMENT ON 3/10/94. (FLD ON 3/17/94) (Entered: 04/01/1994) |
| 04/04/1994 | 27 | MOTION BY DEFT FOR ADD'L TIME TO FILE PTC MOTIONS, AND TO ADJOURN EVID. HEARING DATE. (FAX COPY) (Entered: 04/04/1994) |
| 04/04/1994 | 28 | ORDER GRANTING EXTENSION OF TIME TO FILE ADD'L PTC MOTIONS, UNTIL 4/8/94. (SLC) CC MLD (Entered: 04/04/1994) |
| 04/08/1994 | 29 | MOTION FOR BILL OF PARTICULARS, BY DEFT. (Entered: 04/08/1994) |

| 04/08/1994 | ●30 | MOTION IN LIMINE: VALIDITY OF SCIENTIFIC TESTS, BY DEFT. (Entered: 04/08/1994) |
|---|---|---|
| 04/08/1994 | ●31 | MOTION SUPPRESS (I) EVIDENCE SEIZED FROM DEFT ON 12/11/93, BY DEFT. (Entered: 04/08/1994) |
| 04/08/1994 | ●32 | MOTION TO SUPPRESS (II) EVIDENCE SEIZED FORM WHITE GRAND PRIXON 2/16/94, BY DEFT. (Entered: 04/08/1994) |
| 04/08/1994 | ●33 | MOTION TO SUPRESS (III) EVIDENCE OBTAINED FROM DEFT ON 2/16/94, BY DEFT. (Entered: 04/08/1994) |
| 04/08/1994 | ●34 | MOTION FOR REVIEW AND DISCLOSURE OF EXCULPATORY PERSONNEL FILES, BY DEFT. (Entered: 04/08/1994) |
| 04/08/1994 | ●35 | MOTION TO SUPPRESS STATEMENTS AND DERIVATIVE EVIDENCE, BY DEFT. (Entered: 04/08/1994) |
| 04/08/1994 | ●36 | MOTION TO ARGUE THE ISSUE OF PUNISHMENT TO THE JURY, BY DEFT (Entered: 04/08/1994) |
| 04/08/1994 | ●37 | MOTION FOR NOTICE OF UNCHARGED MISCONDUCT, BY DEFT. (Entered: 04/08/1994) |
| 04/08/1994 | ●38 | MOTION FOR NOTICE OF RULE 16 EVIDENCE, BY DEFT. (Entered: 04/08/1994) |
| 04/08/1994 | ●39 | MOTION FOR SANTIAGO HEARING & PRETRIAL RULING ON ADMISSIBILITY OF ALLEGED CO-CONSPIRATOR STATEMENTS, BY DEFT. (Entered: 04/08/1994) |
| 04/08/1994 | ●40 | BRIEF IN SUPPORT OF DEFT'S MO FOR SANTIAGO HEARING. (Entered: 04/08/1994) |
| 04/08/1994 | ●41 | DEFT'S NOTICE OF INTENT TO OFFER LEARNED TREATISES. (Entered: 04/08/1994) |
| 04/08/1994 | ●42 | MOTION FOR PROD OF REPORTS & RESULTS OF SCIENTIFIC TESTS ON ALLEGED CONTROLLED SUBSTANCES AND RELATED DATA, BY DEFT. (Entered: 04/08/1994) |
| 04/08/1994 | ●43 | MOTION TO COMPEL PRODUCTION OF EXCULPATORY INFORMATION, BY DEFT. (Entered: 04/08/1994) |
| 04/08/1994 | ●44 | BRIEF IN SUPPORT OF MOTION FOR PROD. OF REPORTS, BY DEFT. (Entered: 04/08/1994) |
| 04/08/1994 | ●45 | COPY OF LETTER TO ATTY VAN WAGNER DATED 4/8/94 WITH ENVELOPE ATTACHED **SEALED** (DESTROYED PER ATTY SHELLOW ON 7/20/95) (Entered: 04/08/1994) |
| 04/11/1994 | ●46 | COURTROOM MINUTES SCHE/STATUS CONF; EVID HRG 4/18 & 4/19; BRFG REVISED. (SLC) (45) (Entered: 04/11/1994) |
| 04/11/1994 | ●47 | AFFIDAVIT OF SAMUEL GREER, JR. (Entered: 04/11/1994) |
| 04/12/1994 | ●48 | CJA VOUCHER 20 APPROVAL; CERTIFIED FOR PAYMENT. (J.JACKSON) ($1,018.00) (Entered: 04/12/1994) |

| 04/12/1994 | 49 | ORDER ON STATUS & SCHEDULING CONF ON 4/11/94. HRG DT SET;BRFGMODIFIED. TRIAL DT UNCHANGED. (SLC) (Entered: 04/12/1994) |
| 04/12/1994 | 50 | TRANSCRIPT OF SCHEDULING & STATUS CONF ON 4/11/94. (Entered: 04/12/1994) |
| 04/18/1994 | 51 | COURTROOM MINUTES PPTC DEFT'S MOS #37, 38 & 43 DENIED, REMAINING MOS BRIEFED. (SLC) 5hr 50min (Entered: 04/18/1994) |
| 04/19/1994 | 52 | TRANSCRIPT - EXCERPT OF PROCEEDINGS HELD 4/18/94 BEFORE US MAGISTRATE CROCKER (PROFFER BY THE GOVT) (Entered: 04/19/1994) |
| 04/19/1994 | 53 | TRANSCRIPT OF INITIAL APPEAR BEFORE MAG CROCKER ON 2/24/94 (Entered: 04/19/1994) |
| 04/19/1994 | 54 | AFFIDAVIT OF MARION MORGAN W/ATTACHMENTS (Entered: 04/19/1994) |
| 04/20/1994 | 55 | PTC ORDER & ORDER GOVERNING FPTC (SLC) (Entered: 04/20/1994) |
| 04/22/1994 | 56 | TRANSCRIPT OF EVID. HRG. ON 4/18/94. EXCERPT OF PROCEEDINGS:TESTIMONY OF MARION MORGAN AND BILL E. SEARLS. (Entered: 04/22/1994) |
| 04/25/1994 | 57 | TRANSCRIPT OF EVID. HRG. ON 4/18/94 (Entered: 04/25/1994) |
| 04/29/1994 | 58 | BRIEF IN SUPPORT OF DEFT'S MO FOR BILL OF PARTICULARS. (Entered: 04/29/1994) |
| 04/29/1994 | 59 | BRIEF IN SUPPORT OF DEFT'S MOTION TO SUPPRESS (I). (Entered: 04/29/1994) |
| 04/29/1994 | 60 | BRIEF IN SUPPORT OF DEFT'S MOTION TO SUPPRESS (II). (Entered: 04/29/1994) |
| 04/29/1994 | 61 | BRIEF IN SUPPORT OF DEFT'S MOTION FOR REVIEW AND DISCLOSURE OF EXCULPATORY PERSONNEL FILES. (Entered: 04/29/1994) |
| 04/29/1994 | 62 | BRIEF IN OPPOSITION BY GOVT TO DEFT'S MO TO SUPPRESS (I). (Entered: 04/29/1994) |
| 04/29/1994 | 63 | BRIEF IN OPPOSITION BY GOVT TO DEFT'S MO TO SUPPRESS (II). (Entered: 04/29/1994) |
| 04/29/1994 | 64 | BRIEF IN OPPOSITION BY GOVT TO DEFT'S MO TO SUPPRESS (III). (Entered: 04/29/1994) |
| 04/29/1994 | 65 | BRIEF IN OPPOSITION BY GOVT TO DEFT'S MO TO SUPPRESS STATE-MENTS AND DERIVATIVE EVIDENCE. (Entered: 04/29/1994) |
| 05/06/1994 | 66 | MOTION - UNOPPOSED, TO EXTEND TIME FOR FILING OF BRIEFS FROM 5/6/94 TO 5/9/94. (Entered: 05/06/1994) |
| 05/06/1994 | 67 | AFFIDAVIT OF CRAIG W. ALBEE. (Entered: 05/06/1994) |
| 05/06/1994 | 68 | BRIEF IN OPPOSITION BY GOVT TO DEFT'S MO TO SUPPRESS (I). (Entered: 05/09/1994) |

| 05/06/1994 | ●69 | BRIEF IN OPPOSITION BY GOVT TO DEFT'S MO TO SUPPRESS (II). (Entered: 05/09/1994) |
| 05/06/1994 | ●70 | BRIEF IN OPPOSITION BY GOVT TO DEFT'S MO FOR PRODUCTION OF REPORTS & RESULTS OF SCIENTIFIC TESTS. (Entered: 05/09/1994) |
| 05/06/1994 | ●71 | BRIEF IN OPPOSITION BY GOVT TO DEFT'S MO FOR REVIEW AND DISCLOSURE OF EXCULPATORY PERSONNEL FILES. (Entered: 05/09/1994) |
| 05/06/1994 | ●72 | BRIEF IN OPPOSITION BY GOVT TO DEFT'S MO IN LIMINE, RE: ADMISSIBILITY OF SCIENTIFIC TESTIMONY (Entered: 05/09/1994) |
| 05/09/1994 | ●73 | ORDER GRANTING DEFT'S UNOPPOSED MOTION TO EXTEND TIME TO FILEBRIEFS FROM 5/6/94 TO 5/9/94. (SLC) CC MLD (Entered: 05/09/1994) |
| 05/09/1994 | ●74 | BRIEF IN REPLY IN SPT OF DEFT'S PRETRIAL MOTIONS. (Entered: 05/09/1994) |
| 05/11/1994 | ●75 | BRIEF IN REPLY IN SPT OF DEFT'S MO IN LIMINE, RE: PRODUCTION OF REPORTS & RESULTS OF SCIENTIFIC TESTS. (Entered: 05/11/1994) |
| 05/11/1994 | ●76 | AFFIDAVIT OF ATTY JAMES M. SHELLOW. (Entered: 05/11/1994) |
| 05/11/1994 | ●77 | GOVT'S NOTICE OF ENHANCED SENTENCE. (Entered: 05/11/1994) |
| 05/13/1994 | ●78 | PROPOSED JURY INSTRUCTIONS BY GOVT. (Entered: 05/13/1994) |
| 05/13/1994 | ●79 | MOTION IN LIMINE #1 BY GOVT. (Entered: 05/13/1994) |
| 05/13/1994 | ●80 | MOTION IN LIMINE #2 BY GOVT. (Entered: 05/13/1994) |
| 05/13/1994 | ●81 | MOTION IN LIMINE #3 BY GOVT. (Entered: 05/13/1994) |
| 05/13/1994 | ●82 | MOTION IN LIMINE #4 BY GOVT. (Entered: 05/13/1994) |
| 05/13/1994 | ●83 | MOTION IN LIMINE #5 BY GOVT. (Entered: 05/13/1994) |
| 05/13/1994 | ●84 | PROPOSED VOIR DIRE QUESTIONS BY DEFT. (Entered: 05/13/1994) |
| 05/13/1994 | ●85 | PROPOSED JURY INSTRUCTIONS BY DEFT. (Entered: 05/13/1994) |
| 05/13/1994 | ●86 | DEFT'S REQUEST FOR PATTERN JURY INSTRUCTION. (Entered: 05/13/1994) |
| 05/13/1994 | ●87 | REPORT AND RECOMMENDATION FOR DENIAL OF DEFT'S MOTIONS TO SUPPRESS STATEMENTS & EVIDENCE (DOC. #31,32,33,35) (SLC) (Entered: 05/13/1994) |
| 05/16/1994 | ●88 | PROPOSED VOIR DIRE QUESTIONS BY GOVT. (Entered: 05/16/1994) |
| 05/16/1994 | ●89 | MOTION TO RESCHEDULE FPTC, BY DEFT. (Entered: 05/16/1994) |
| 05/17/1994 | ●90 | ORDER GRANTING MO TO RESCHEDULE FPTC. (SLC) CC MLD (Entered: 05/17/1994) |
| 05/18/1994 | ●91 | MOTION & ORDER; GRANTING GOVT'S MOTION TO REVIEW DANE COUNTY SHERIFF'S DEPT PERSONNEL RECORDS;CC MLD (SLC) (Entered: 05/18/1994) |

| 05/19/1994 | ●92 | BRIEF IN OPPOSITION BY DEFT TO GOVT'S MO IN LIMINE #1. (Entered: 05/19/1994) |
|---|---|---|
| 05/19/1994 | ●93 | BRIEF IN OPPOSITION BY DEFT TO GOVT'S MO IN LIMINE #2. (Entered: 05/19/1994) |
| 05/19/1994 | ●94 | BRIEF IN OPPOSITION BY DEFT TO GOVT'S MO IN LIMINE #3. (Entered: 05/19/1994) |
| 05/19/1994 | ●95 | BRIEF IN OPPOSITION BY DEFT TO GOVT'S MO IN LIMINE #4. (Entered: 05/19/1994) |
| 05/19/1994 | ●96 | BRIEF IN OPPOSITION BY DEFT TO GOVT'S MO IN LIMINE #5. (Entered: 05/19/1994) |
| 05/20/1994 | ●97 | ORDER THAT BILL OF PARTIC.(#29) IS GRANTED IN PART,DENIED IN PART; MOS 29,30,36,39,42 ARE DENIED; 34 MOOT. (SLC) (Entered: 05/23/1994) |
| 05/24/1994 | ●98 | DEFT'S OBJ TO MAGISTRATES R & R. (Entered: 05/24/1994) |
| 05/25/1994 | ●99 | CTR MIN: PLEA HRG.; GOVT MO. TO W/DR NOTICE OF ENHANCMT;PLEA TO CT 2; PSI 7/1; OBJS 7/15; SENT 7/21. (BC) 40' (Entered: 05/25/1994) |
| 05/25/1994 | ●100 | PLEA AGREEMENT (Entered: 05/25/1994) |
| 06/06/1994 | ●101 | ORDER STATING THAT CRT IS WITHOUT AUTHORITY TO PREVENT GOVT FROM WITHDRAWING ENHANCED PENALTY. (BC) CC MLD (Entered: 06/06/1994) |
| 07/15/1994 | ● | OBJECTION TO PRESENTENCE REPORT BY DEFT; SENT TO BC FOR FILING. (Entered: 07/15/1994) |
| 07/15/1994 | ● | OBJECTION TO PRESENTENCE REPORT BY GOVT; SENT TO BC FOR FILING. (Entered: 07/15/1994) |
| 07/21/1994 | ●102 | CTR MIN: SENT.; CONT'D TO 8/26/94 (BC) (Entered: 07/21/1994) |
| 08/03/1994 | ● | DEFT'S ADDL SUBMISSIONS RE:PSR - FORWARDED TO BBC (Entered: 08/12/1994) |
| 08/12/1994 | ● | GOVT'S RESPONSE TO DEFT'S ADDL SUBMISSIONS RE: PSR -FORWARDEDTO BBC (Entered: 08/12/1994) |
| 08/19/1994 | ●103 | MOTION BY DEFT TO APPLY COCAINE GUIDELINES: UNCONSTITUTION- ALITY OF COCAINE BASE PENALTIES. (Entered: 08/19/1994) |
| 08/23/1994 | ●104 | CTR MIN: SENT.; 240 MOS IMPR + 5 YRS S/R; LAST 6 MOS OF IMPR IN CCC. $50 S.A. CTS 1,3 DISM ON GOVT MO. (BC)(2 HRS 15 MIN) (Entered: 08/24/1994) |
| 08/25/1994 | ●105 | JUDGMENT AND COMMITMENT (BC) CC MLD (Entered: 08/25/1994) |
| 09/01/1994 | ●106 | NOTICE OF APPEAL BY DEFT OF JUDGMT. FEE PD, JS FILED, SR SENTCC;PARTIES (94-3126) (Entered: 09/01/1994) |
| 09/15/1994 | ●107 | COPY OF PSR W/ATTACHMENTS. (SEALED) (Entered: 09/15/1994) |

| 09/15/1994 | | COPY OF SENT REC MMC (SEALED) (Entered: 09/15/1994) |
|---|---|---|
| 09/15/1994 | | RECORD PREPARED (Entered: 09/15/1994) |
| 09/21/1994 | 109 | TRANSCRIPT OF PLEA HEARING ON 5/25/94. (Entered: 09/21/1994) |
| 10/07/1994 | 110 | TRANSCRIPT OF SENTC'G HRG ON 8/23/94. (Entered: 10/07/1994) |
| 10/11/1994 | 111 | TRANSCRIPT OF SENTG ON 7-21-94. (Entered: 10/11/1994) |
| 11/01/1994 | 112 | JUDGMENT AND COMMITMENT WITH MARSHAL'S RETURN (Entered: 11/01/1994) |
| 02/01/1995 | | RECORD SENT (Entered: 02/01/1995) |
| 02/02/1995 | | Certified and Transmitted Record on Appeal to US Court of Appeals re [106] Notice of Appeal (Entered: 02/02/1995) |
| 05/22/1995 | 113 | ORDER FROM USCA THAT JUDMT OF DIST CRT IS AFFIRMED. RECORD NOT RETURNED (Entered: 05/22/1995) |
| 10/12/1995 | | RECORD RETURNED (Entered: 10/12/1995) |
| 10/02/1996 | 114 | PARTIAL SATISFACTION OF JUDGMENT, RE: ASSESSMENT. (Entered: 10/02/1996) |
| 04/29/1997 | 115 | MOTION BY DEFT GREER FOR EXT. OF TIME TO FILE 2255 MO. (Entered: 04/29/1997) |
| 04/29/1997 | 116 | MOTION - DEFT'S 2255 MOTION INCLUDING BRIEF IN SUPPORT & DOC-UMENTATION (FILED 4/18/97) SEE CIVIL CASE NO. 97-C-305-C (Entered: 05/01/1997) |
| 04/30/1997 | 117 | ORDER ALLOW. DEFT UNTIL 5/16/97 TO SHOW WHY HIS 2255 MOTION SHOULD NOT BE DSMD AS BARRED BY STATUTE OF LIMITATIONS(BBC) (Entered: 05/01/1997) |
| 05/19/1997 | 118 | LTR FROM DEFT W/PROOF OF FILING 2255 MO WITHIN STATUTE OF LIMITATIONS. (Entered: 05/20/1997) |
| 05/22/1997 | 119 | ORDER ALLOWING DEFT UNTIL 6/23/97 TO SUPPLEMENT HIS 2255 MO.;CRT WILL THEN DETERMINE WHETHER TO ORDER BRF FROM GOVT. (BC) (Entered: 05/22/1997) |
| 07/28/1997 | 120 | ORDER DENYING DEFT'S 2255 MOTION; DEFT DID NOT SUBMIT MATER- IALS IN RESPONSE TO 5/21/97 ORDER(BC) (Entered: 07/28/1997) |
| 10/27/1997 | 121 | MOTION TO PROCEED WITHOUT SUPPLEMENT, BY PETNR. (Entered: 12/29/1997) |
| 10/27/1997 | 122 | MOTION FOR RECONSIDERATION OF DENIAL OF 2255 MO BY PETNR. (Entered: 12/29/1997) |
| 12/26/1997 | 123 | ORDER GRANTING PETNR'S MO FOR RECONSIDERATION;TO PROCEED W/O SUPPLEMENT GRANTED IN PART;FURTHER BRFG SET. (BC) (Entered: 12/29/1997) |
| 12/26/1997 | | MOTION UNDER 28 USC 2255 TO VACATE OR CORRECT SENTENCE BY DEFT GREER.(SEE DOC. #116; NEW BRFG SET.) (97-C-305-C) |

| | | |
|---|---|---|
| | (Entered: 12/29/1997) | |
| 01/16/1998 | 124 | BRIEF IN OPPOSITION BY GOVT TO DEFT GREER'S 2255 MOTION. (97-C-305-C) (Entered: 01/16/1998) |
| 02/05/1998 | 125 | BRIEF IN REPLY -RESPONSE BY PETNR TO GOV'T BRF IN OPP. (Entered: 02/05/1998) |
| 02/05/1998 | 126 | BRIEF IN REPLY BY PETNR OF 2255 MOTION. (Entered: 02/05/1998) |
| 02/05/1998 | 127 | AFFIDAVIT OF SAMUEL GREER. (Entered: 02/05/1998) |
| 02/05/1998 | 128 | AFFIDAVIT OF REGINA GREER. (Entered: 02/05/1998) |
| 02/10/1998 | 129 | ADD'L DOCUMENTS FROM PETITIONER SAMUEL GREER (Entered: 02/11/1998) |
| 02/20/1998 | 130 | ORDER DENYING DEFT GREER'S 2255 MOTION, FOR FAILURE TO SHOW THAT HIS SENTENCE IS DEFECTIVE. (BC) (97-C-305-C) (Entered: 02/20/1998) |
| 03/27/1998 | 131 | MOTION FOR RECONSIDERATION PURSUANT TO RULE 59(e), BY DEFT. (Entered: 03/27/1998) |
| 03/30/1998 | 132 | ORDER DENYING DEFT GREER'S MO FOR RECONSIDERATION OF RULING DENYING 2255 MOTION. (BC) (Entered: 03/30/1998) |
| 04/13/1998 | 133 | NOTICE OF APPEAL BY PETR. NO FEE PD, NO DS FILED, SR SENT CC;PARTIES (Entered: 04/13/1998) |
| 04/14/1998 | 134 | ORDER THAT NO ACTION WILL BE TAKEN ON DEFT'S MOTION OF APPEALBECAUSE IT IS NOT ACCOMPANIED BY THE NECESSARY CERT OF APPEAL (Entered: 04/14/1998) |
| 04/20/1998 | 135 | COPY OF PSR W/ATTACHMENTS. (SEALED) (Entered: 04/20/1998) |
| 04/20/1998 | 136 | COPY OF SENT RECOMM. (SEALED) (Entered: 04/20/1998) |
| 04/27/1998 | 137 | MOTION FOR CERTIFICATE OF APPEALABILITY BY DEFT. (Entered: 04/27/1998) |
| 04/28/1998 | 138 | ORDER THAT DEFT'S MOTION FOR CERT OF APPEALABILITY IS DENIED. (Entered: 04/28/1998) |
| 04/29/1998 | | Certified and Transmitted Record on Appeal to US Court of Appeals re [133] Notice of Appeal (Entered: 04/29/1998) |
| 06/12/1998 | | RECORD SENT ON 4-29-98 TO USCA (Entered: 06/12/1998) |
| 06/22/1998 | 139 | APPLICATION TO PROC IFP W/TFAS BY DEFT. (Entered: 06/22/1998) |
| 09/14/1998 | 140 | ORDER FROM USCA THAT CERT OF APPEALABILITY & IFP IS DENIED. (98-2133) RECORD RETURNED (Entered: 09/14/1998) |
| 09/14/1998 | | **FILED IN SEPT 1998 CLSGS** (Entered: 09/14/1998) |
| 02/24/2008 | 141 | MOTION for Modification of Sentence following a change in the Sentencing Guidelines by Greer, Jr., Samuel. (Lieberman, Michael) (Entered: 02/24/2008) |
| 02/25/2008 | | (Court only) *** Set Tickler: Activity by 3/10/2008**** Order/Briefing schedule set? (vob) (Entered: 02/25/2008) |

| 02/25/2008 | ●142 | MOTION to Withdraw Document 141 MOTION for Modification of Sentence following a change in the Sentencing Guidelines by Greer, Jr., Samuel. (Lieberman, Michael) (Entered: 02/25/2008) |
|---|---|---|
| 02/25/2008 | ●143 | JOINT STIPULATION for Modification of Sentence following a change in the Sentencing Guidelines by Greer, Jr., Samuel. (Attachments: # 1 3582 Order) (Lieberman, Michael) (Entered: 02/25/2008) |
| 02/25/2008 | ● | (Court only) Terminate Deadlines and Hearings as to Greer, Jr., Samuel: (llj) (Entered: 02/25/2008) |
| 02/25/2008 | ● | (Court only) ***Motions terminated as to Greer, Jr., Samuel: 141 MOTION for Modification of Sentence following a change in the Sentencing Guidelines filed by Greer, Jr., Samuel. (llj) (Entered: 02/25/2008) |
| 02/26/2008 | ●144 | ORDER granting 143 Joint Stipulation for Modification of Sentence following a change in the Sentencing Guidelines. Defendant Samuel Greer previously imposed sentence of imprisonment is reduced to time served. Order effective 3/3/2008 but is stayed for 10 days thereafter. Signed by Judge Barbara B Crabb on 2/26/2008. (kmd) (Entered: 02/26/2008) |
| 02/26/2008 | ● | (Court only) ***Motions terminated as to Greer, Jr., Samuel: 142 MOTION to Withdraw Document 141 MOTION for Modification of Sentence following a change in the Sentencing Guidelines filed by Greer, Jr., Samuel. (kmd) (Entered: 02/26/2008) |
| 05/19/2008 | ●145 | Order Transferring Jurisdiction of Supervision to Northern District of Illinois. Signed by Judge Barbara B Crabb on 4/2/2008. (arw) (Entered: 05/20/2008) |

NUMBER
U.S. DISTRICT COURT
WEST DIST. OF WISCONSIN

FEB 2 ? 1994

FILED/RECEIVED
JOSEPH W. SKUPNIEWITZ, CLERK

CASE
NUMBER

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) Case No. 94-00104-X-01 |
| v. | ) |
| | ) COMPLAINT FOR VIOLATION OF |
| | ) 21 U.S.C. §§ 841(a)(1), |
| SAMUEL GREER, JR., | ) 841(b)(1)(A)(iii) |
| Defendant. | ) |

BEFORE  Hon. Stephen L. Crocker    United States District Court
         U.S. Magistrate Judge     120 North Henry Street
                                    Madison, WI 53703

The undersigned complainant being duly sworn states:

That on various dates between on or about April 1, 1993 and on or about February 16, 1994, in the Western District of Wisconsin the defendant, Samuel Greer, Jr., knowingly and intentionally distributed cocaine base, in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(A)(iii); and

That the complainant states that this complaint is based upon the attached affidavit.

Detective Marion Morgan    746
Madison Police Department

Sworn to before me, and subscribed in my presence, this 24th day of February, 1994.

Honorable Stephen L. Crocker
United States Magistrate Judge

PROBABLE CAUSE FOUND:

Honorable Stephen L. Crocker
United States Magistrate Judge

A TRUE COPY, Certified
JUN 0 6 2008
Theresa M. Owens, Clerk
U.S. District Court
Western District of Wisconsin

By
         Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL GREER, JR.,<br><br>Defendant. | Case No. *94-0010M-X-01*<br><br>COMPLAINT FOR VIOLATION OF<br>21 U.S.C. §§ 841(a)(1),<br>841(b)(1)(A)(iii) |

## AFFIDAVIT

State of Wiscosin )
               ) ss.
County of Dane )

Marion Morgan, being first duly sworn on oath deposes and states as follows:

1. I am employed as a detective with the City of Madison Police Department and have been so employed for 13 years. I am one of two detectives currently assigned to the Neighborhood Intervention Task Force, also known as the "Blue Blanket", and have been for over 2 years. As a Blue Blanket detective, my work has consisted principally of investigations into violations of state and federal controlled substance laws. In more than 150 cases I have investigated suspected cocaine and cocaine base trafficking. I have also successfully completed the Wisconsin Department of Justice's Narcotics Investigator week-long training course, run by the Wisconsin Division of Narcotics Enforcement ("DNE"), and have been trained in proper methods of field-testing of suspected controlled substances, including cocaine.

2.   This affidavit is based upon my personal observations, knowledge and experience, as well as the observations, knowledge and experience of other police officers.

3.   On February 16, 1994 the defendant was stopped by other Blue Blanket officers while operating a motor vehicle, alone, in the City of Madison, based upon an active warrant for defendant's arrest for failure to appear in a pending criminal case in Dane County Circuit Court.  While conducting searches of the defendant and the car defendant was operating at the time of the stop, those officers recovered the following items: 58 grams (two ounces) of cocaine base (as shown by the filed tested conducted thereafter by one of the Blue Blanket officers);  $2,500 in U.S. currency;  a cellular phone;  and a 12-inch knife with a 9-inch blade.

4.   Later that same date, Dane County Sheriff's Department Detective Bill Searls, the other Blue Blanket detective, interviewed the defendant, Samuel Greer, after having advised him of his <u>Miranda</u> rights.  In that interview, Greer stated, among other things, the following facts:

 (a)  Prior to April, 1993, he had sold cocaine base in Chicago as part of his membership in the Gangster Disciple street gang;

 (b)  In April 1993, because he knew it was "common knowledge" that Madison was a very profitable place to sell cocaine base, he began travelling often on weekends to Madison for the purpose of doing so;

(c) By his own account, he sold at least one-half ounce of cocaine base in Madison almost every weekend between May and September, 1993, and continued to do so, on a less frequent basis thereafter, continuing until the date of his arrest;

(d) The cocaine base which the police recovered from the car he had been operating at the time of his arrest was his, and he intended to distribute that cocaine base.

5. Based on these facts, it is my belief that Samuel Greer knowingly and intentionally distributed cocaine base, in a quantity in excess of 50 grams, in the Western District of Wisconsin between April 1, 1993 and February 16, 1994, in violation of Title 21 U.S.C. Section 841 (a)(1).

DETECTIVE MARION MORGAN
Madison Police Department

Subscribed and sworn to before me
this 24th day of February, 1994.

Stephen L. Crocker
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

**19**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
|  | ) |  |
| v. | ) | Case No. **94 CRO 19** — c |
|  | ) | 21 U.S.C. §§ 841, 846 |
| SAMUEL GREER, JR. | ) | 18 U.S.C. § 922(g) |
|  | ) |  |
| Defendants. | ) |  |

THE GRAND JURY CHARGES:

### COUNT I

That between on or about April 1, 1993, and on or about February 16, 1994, the exact dates being unknown to the grand jury, in the Western District of Wisconsin and elsewhere, the defendant,

SAMUEL GREER, JR.,

did knowingly and unlawfully conspire and agree with others both known and unknown to the grand jury to commit the following offenses against the United States:

1.   To unlawfully, knowingly and intentionally possess with intent to distribute cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code Section 841(a)(1);  and

2.   To unlawfully, knowingly and intentionally distribute cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code Section 841(a)(1);

all in violation of Title 21, United States Code Section 846.

A TRUE COPY, Certified

JUN 0 6 2008

Theresa M. Owens, Clerk
U.S. District Court
Western District of Wisconsin

By_____
        Deputy Clerk

## COUNT II

That on or about February 16, 1994, in the Western District of Wisconsin, the defendant,

SAMUEL GREER, JR.,

did knowingly and intentionally possess with the intent to distribute cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, §§ 841(a)(1), and Title 18 United States Code, Section 2.

## COUNT III

That on or about December 11, 1993, in the Western District of Wisconsin, the defendant,

SAMUEL GREER, JR.,

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce, a firearm, more specifically, a Lorcin .25 caliber semi-automatic handgun, which firearm had been shipped or transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g) and 924(a)(2).

A TRUE BILL

Peggy A. Lautenschlager
United States Attorney

Indictment returned: 3-9-94

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

vs.

**SAMUEL GREER, JR.,**
**(By Attorney** JAMES M. SHELLOW**)**

AUG 25 | 07 PM '94

**JUDGMENT IN A CRIMINAL CASE**
**INCLUDING SENTENCE UNDER**
**THE SENTENCING REFORM ACT**

**Case No.:** 94-CR-019-C-01

**THE DEFENDANT** pleaded guilty to count Two of the indictment.

Accordingly, the defendant is adjudged guilty of such count, which involves the following offense:

| Count Number | Title & Section | Nature of Offense |
|---|---|---|
| Two | 21 USC § 841(a)(1); 2 | Possession With the Intent to Distribute Cocaine Base |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts One, and Three are dismissed on the motion of the United States.

It is ordered that the defendant shall pay to the United States a special assessment of $50.00, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence is imposed on August 23, 1994.

_____
Barbara B. Crabb
U. S. District Judge

_____
August 25, 1994
Date

**Defendant's S.S.A.N.:**

**Defendant's date of birth:**

A TRUE COPY Certified
AUG 25 1994
Joseph W. Skupniewitz, Clerk
U. S. District Court
Western District of Wisconsin
_____
Deputy Clerk

COPY Certified
JUN 0 6 2008
Theresa M. Owens, Clerk
U.S. District Court
Western District of Wisconsin
By_____
Deputy Clerk

(WDWI rev. 11/92)

**Defendant's mailing address:**
Dane County Jail
210 Martin Luther King Jr. Blvd
Madison, WI 53703

**Defendant's residence address:**

---

## SENTENCE

I accept the plea agreement on the basis of my findings that the offense of conviction adequately represents defendant's criminal conduct and the plea agreement does not undermine the Sentencing Guidelines or the statutory purposes of sentencing. I adopt with one exception the amended guideline calculations proposed by the probation office, which are based on the guideline manual effective November 1, 1993. The calculations take into account all of the defendant's relevant conduct, pursuant to §§1B1.3(a)(2) and 3D1.2(d). The evidence supports the findings that defendant was involved in the distribution of illegal drugs of at least 150 grams of crack cocaine but less than 500 grams from May 1993 to February 1994 and that during this period and in connection with this criminal activity, he possessed a dangerous weapon. I do not accept the probation office recommendation that defendant be given a three level enhancement for his role in the offense. I find instead that he should receive a two level enhancement because he was an organizer in a criminal activity in which he exercised decision making authority, recruited accomplices, was heavily involved in the planning and commission of the offense and exercised authority over others.

With an offense level of 35 and a Criminal History Category of III, the guideline term of imprisonment is 210 to 262 months. I conclude that a sentence in the middle of the guideline range is appropriate. The violent acts committed by defendant suggest a sentence at the top of the range, but his young age argues for sentencing lower in the range. This sentence is sufficient to provide punishment, general and specific deterrence, protection for the community and accountability for defendant.

As to Count II of the indictment, it is adjudged that defendant is to pay a $50 criminal assessment penalty to the U.S. Clerk of Court for the Western District of Wisconsin immediately following sentencing.

It is further adjudged as to Count II of the indictment that defendant is committed to the custody of the Bureau of Prisons for imprisonment for a period of 240 months, with a five-year term of supervised release to follow. Defendant does not have the financial means at present or the earning capacity in the future to pay a fine or the cost of his confinement or supervision without impairing his ability to support himself and his family when he is released.

I recommend that defendant spend the last six months of his confinement in a community corrections center with work release privileges.

---

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (set forth on the following page).

(WDWI rev. 11/92 ☙)

As special conditions of supervised release, defendant is to:

      1) abstain from any use of alcohol and illegal drug use and sales and from associations with drug users and sellers and participate in drug counseling and urine surveillance as directed by the supervising U.S. Probation Officer;

      2) allow searches by the supervising U.S. Probation Officer of any residence or property under defendant's control where there is reason to believe defendant is in possession of illegal narcotics, stolen materials, firearms, or other contraband, and defendant shall allow confiscation of the contraband materials; and

      3) register with local law enforcement authorities as directed by the supervising U.S. Probation Officer.

---

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this judgment:

1)     The defendant shall not commit another federal, state or local crime;

2)     the defendant shall not leave the judicial district without the permission of the court or probation officer;

3)     the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4)     the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5)     the defendant shall support his or her dependents and meet other family responsibilities;

6)     the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7)     the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

8)     the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9)     the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(WDWI rev. 11/92 ☙)

10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

15) the defendant, if a convicted felon, shall not receive, possess, or transport in commerce or affecting commerce any firearm, as defined in Title 18 USC §922(g), including any handgun, rifle or shotgun.

These conditions are in addition to any other special conditions imposed by this judgment.

## RETURN

I have executed this judgment as follows:

The defendant was delivered on *10/6/94* to *FCI Englewood* at *Littleton, CO  80123* , with a certified copy of this Judgment.

*W. A. Perrill, Warden*
~~United States Marshal~~

by *J. Christy, Legal Tech*
~~Deputy Marshal~~